**ALLIED RESEARCH PRODUCTS, INC. (a Maryland corporation), Allied Research Products, Inc. (a Delaware corporation), and Amchem Products, Inc., Plaintiffs,**

v.

**HEATBATH CORPORATION and Berg Manufacturing and Sales Co., Defendants.**

**No. 65 C 337.**

United States District Court
N. D. Illinois, E. D.

April 2, 1969.

Hume, Clement, Hume & Lee, Chicago, Ill., George T. Mobille and Robert B. Murray, of Cushman, Darby & Cushman, Washington, D.C., Alfred C. Aurich and Thomas L. Cantrell, of Synnestvedt & Lechner, Philadelphia, Pa., for plaintiffs.

Pendleton, Neuman, Seibold & Williams, Chicago, Ill., Morgan, Finnegan, Durham & Pine, New York City, for defendants.

## OPINION

PERRY, District Judge.

This court has heard evidence and oral argument in this case, the trial of which took 46 days. The court has now considered the voluminous transcripts of testimony and briefs of counsel for the parties. After a thorough consideration of all of the evidence and all of the law presented herein, the court has come to one conclusion: All of the controversy and consequent costs to the parties is primarily the consequence of a personal feud of longstanding between Harry Irvin, president of plaintiff, Allied Research Products, Inc. (hereinafter sometimes called "Allied"), and Ernest Walen, Jr., president of defendant, Heatbath Corporation (hereinafter sometimes called "Heatbath"). This dispute arose out of the competition between Allied and Heatbath years ago and continued throughout this litigation.

This court does not have before it the full evidence on the details of the origin of the dispute between Irvin and Walen and is not able to assess the blame for this dispute in exact proportions between the parties. However, the court has heard the testimony of both men in open court and has before it sufficient

evidence to form an opinion, and that opinion is that both share the blame in major proportions.

The court has considered the Findings of Fact and Conclusions of Law suggested by both counsel for the plaintiffs and the defendants and on this date has adopted those suggested by plaintiffs' counsel except as to certain modifications. Said Findings of Fact and Conclusions of Law, so modified, have this day been entered and, likewise, a final Judgment in accordance with said Findings of Fact and Conclusions of Law is being entered simultaneously herewith.

The court has found that the patent which is the subject of the suit herein is valid and has been and is being infringed by defendants, Heatbath Corporation and Berg Manufacturing and Sales Co. (hereinafter sometimes called "Berg").

From the evidence and law as this court views it, this is a patent that never should have been questioned. The infringement of the patent in suit by defendants was and is indefensible except on the ground that Allied and Amchem were guilty of discrimination against Heatbath by their action in refusing to grant a license thereon to said defendant while granting one to its competitor, Parker Rust Proof Co., which they in fact did as is set forth in the Findings of Fact entered herein.

On the other hand, plaintiffs Allied and Amchem had no right to refuse a license to Heatbath on the same terms as to Parker Rust Proof Co., a licensee of plaintiffs, as they in fact did, and solely because of a personal dispute between Harry Irvin and Ernest Walen, Jr., as this court has found in the Findings of Fact herein.

This court is conscious of the fact that other reasons which appeared valid were given; but the court reiterates that it is convinced the denial of a license to Heatbath by plaintiffs was solely because of the Irvin-Walen dispute. Defendant Heatbath was a competitor of plaintiffs and Parker Rust Proof Co. Heatbath was in every way qualified as a licensee. Refusal to grant Heatbath a license was unfair discrimination.

A patent must be presumed to be valid and no one has a right to make use of or to infringe such patent unless granted a license. Heatbath and Berg erred in making use of and infringing the patent in suit without judicial sanction pursuant to law. The defendants had a remedy against plaintiffs Allied and Amchem and that remedy was to bring a suit in equity to compel said plaintiffs to grant a license on the grounds of discrimination.

Public policy requires liberal use of a patent. An owner of a patent cannot assert his rights under the law and Constitution if such owner refuses to make use of a patent, or to license a patent so that it may be of use to the public, or refuses to license an applicant when it has already granted a license to the applicant's competitor.

Therefore, the plaintiffs and defendants herein both share to some extent the blame for the useless costs of this lawsuit. Defendants should bear the costs of a useless defense by virtue of their action in taking the law into their own hands, but defendants should not be required to pay plaintiffs' attorneys' fees. However, defendant Heatbath was entitled to be licensed by plaintiffs on the same royalty basis as plaintiffs were granting licenses to other manufacturers who were competing with plaintiffs and defendants.

The defendants should account to the plaintiffs upon the basis of royalties paid to plaintiffs by Parker Rust Proof Co., leaving the plaintiffs to determine between themselves how the proceeds shall be shared, if at all. The court has in its final judgment order made an appropriate appointment of a Special Master to take evidence and to recommend an accounting to the court as a basis for a money judgment for damages due to the plaintiffs herein.